**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-40728

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

MILLARD DEAN LOFTIS,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Texas
(2:92-CR-9)

May 16, 1997

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Millard Dean Loftis ("Loftis") appeals the district court's denial of his 28 U.S.C. § 2255 motion.  On appeal, Loftis asserts that his indictment was insufficient, that his counsel was ineffective for failing to appeal the district court's admission of

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

the length of his prior sentence, that his trial counsel was ineffective for not challenging a search warrant of his home for "staleness" of information, that he was denied his right to testify in his own behalf, and that the district court should have treated his untimely objections to the magistrate judge's report on Loftis's § 2255 motion as a Fed. R. Civ. P. 59(e) motion.  For the following reasons, we affirm the district court's denial of the § 2255 motion.

After reviewing the record and considering Loftis's claims and the parties' arguments, we find no merit in Loftis's contentions. Under any standard of review, the indictment adequately stated the essential elements of Loftis's offense under 28 U.S.C. § 5861(d) and was sufficient.  Regarding the introduction of the length of Loftis's prior sentence, he has made an insufficient showing of prejudice and we thus reject his claim.  *See United States v. Fuller*, 769 F.2d 1095, 1098 (5th Cir. 1985).  We likewise reject Loftis's assertion of error in relation to the issuance of a search warrant for his home.  *See United States v. McKeever*, 5 F.3d 863, 866 (5th Cir. 1993).  Loftis also claims that his counsel prevented him from testifying, in violation of his constitutional right to testify, and we review this claim for plain error.  *See Highlands Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 27 F.3d 1027, 1031-32 (5th Cir. 1994).  The record does not present evidence to support Loftis's claim.  Given the overwhelming evidence supporting

2

his convictions, there is no suggestion that the alleged prevention of Loftis's testifying presented the necessary prejudice, or serious effect on the fairness or integrity of the proceedings, that is required to justify a finding of plain error. *See United States v. Calverley*, 37 F.3d 160 (5th Cir. 1994) (*en banc*). Loftis's last assertion of error also fails. Loftis did not demonstrate that the district court abused its discretion in not construing Loftis's late objections as a Rule 59(e) motion nor did he demonstrate any resulting prejudice. In addition, his attempted presentation to the district court should have been accomplished through a motion for leave to file a second § 2255 motion. *See Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611-12 (5th Cir. 1993).

AFFIRMED.